UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON CHARLES PURIFOY,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 1:25-cv-744

Hon. Hala Y. Jarbou

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Leon Purifoy, a prisoner who proceeds pro se, is currently incarcerated with the Michigan Department of Corrections ("MDOC"). He brings this action against the MDOC, MDOC Parole Violation Specialist Ken VanElls, MDOC Parole Agent Tiffany Williams, and Administrative Law Judge ("ALJ") Yermalenka. (Compl., ECF No. 1.) On July 10, 2025, the magistrate judge issued a report and recommendation ("R&R"), recommending that the Court dismiss Purifoy's complaint for failure to state a claim under Rule 12(b)(6). (R&R, ECF No. 6.) Before the Court are Purifoy's objections to the R&R. (Pl.'s Objs., ECF No. 7.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In February 2025, Purifoy was on parole. (*See* Compl., PageID.3.) On February 20, 2025, he was served a parole violation consisting of six charges, and "out of these charges arose a felony criminal case." (*Id.*) The felony charges, which mirrored the parole violation charges, were

dismissed on April 2, 2025. (*Id.*) About a month later, Purifoy appeared before VanElls, who recommended that Purifoy accept a plea offer for twelve months' custody with the MDOC for the parole violation. (*Id.*) Purifoy declined the offer. (*Id.*) Purifoy and his legal counsel then went before Administrative Law Judge Yermalenka for a parole revocation hearing. (*Id.*) ALJ Yermalenka found Purifoy guilty of violating his parole. (*Id.*)

Bringing his claims under 42 U.S.C. § 1983, Purifoy alleges that the MDOC, ALJ Yermalenka, VanElls, and Williams unlawfully revoked his parole and are continuing his prison term for a case that does not exist. (*Id.*, PageID.4; R&R 2.) Purifoy seeks $500,000 in compensatory damages and an order reinstating his parole term followed by an early discharge from parole after release from MDOC custody.[1] (Compl., PageID.7; R&R 3.)

The magistrate judge recommended that Purifoy's section 1983 claim seeking compensatory damages be dismissed for failure to state a claim. (R&R 4-7.) The magistrate judge found that Purifoy's claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 4-5.) Additionally, the magistrate judge recommended dismissal because Purifoy fails to allege sufficient facts to make out a plausible claim against Defendants, the MDOC is immune from suit under the Eleventh Amendment, and ALJ Yermalenka is entitled to judicial immunity from suit. (*Id.* at 5-7.)

Purifoy objects. Purifoy argues that he states a claim on which relief can be granted because he sufficiently alleges a double jeopardy violation. (Pl.'s Objs., PageID.25-27.) He asserts that his felony charges were dropped on April 2, 2025, therefore, Defendants were prohibited from prosecuting him for his parole violations. (*Id.*) He also argues that ALJ

---

[1] The magistrate judge correctly notes that Purifoy's request for early release from MDOC custody should be brought as a petition for habeas corpus. (R&R 3); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Purifoy does not object to this finding. (*See* Pl.'s Objs., PageID.25-29.) Thus, the Court adopts the magistrate judge's finding on this point.

2

Yermalenka is sued in her official and personal capacities; thus, she is not entitled to judicial immunity, and the MDOC is not immune to suit because it "is responsible for the hold of jurisdiction of the plaintiff and proceeding in the matter aggrieved." (*Id.*, PageID.25.)  Purifoy does not address the magistrate judge's grounds for dismissal under *Heck*.  (*See id.*, PageID.25-29.)

Purifoy's request for compensatory damages relating to the parole revocation proceeding invokes *Heck*.  512 U.S at 483 (holding that a section 1983 action that challenges an outstanding conviction's validity is barred until it has been "declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."); *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (explaining that *Heck* applies to challenges to parole revocation proceedings); *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003).  Purifoy challenges his conviction arising from the parole revocation proceeding, as he claims that the proceeding itself was invalid.  (*See* Compl., PageID.3-5.)  As a result, *Heck* bars his claim unless he shows that the conviction has been invalidated, set aside, or called into question by a federal's issuance of a writ of habeas corpus.  *See Heck*, 512 U.S. at 483; *Noel*, 96 F. App'x at 354.  Purifoy failed to do so; thus, *Heck* bars his section 1983 claim unless an exception applies.

The Sixth Circuit carved out two exceptions to *Heck*'s favorable-termination requirement in *Powers v. Hamilton County Public Defender Commission*.  501 F.3d 592 (6th Cir. 2007).  There, the court held that a plaintiff may challenge a conviction under section 1983 if he was precluded from filing a habeas petition while in custody "as a matter of law" or he challenges procedure and not the conviction itself.  *Id.* at 601-3.  But Purifoy's complaint does not allege either.  He does not claim that he was precluded from filing a habeas petition.  And he does not allege that the

3

revocation proceedings' procedures were faulty; instead, he challenges the conviction itself. Thus, Purifoy's complaint does not fit within the exceptions under *Powers*. *Cf. id.* at 603-5 ("A conclusion that the procedures, or rather the lack of procedures, that culminated in Powers's incarceration violated his constitutional rights has nothing to do with the propriety of his underlying conviction."). The Court will adopt the magistrate judge's finding that Purifoy's section 1983 claim is *Heck*-barred.

The magistrate judge also recommended dismissal because Purifoy's allegations fail to state a claim on which relief can be granted. The magistrate judge correctly noted that a person may be found guilty of a parole violation even if criminal charges arising from the same conduct are dismissed prior to trial. (R&R 6); *see United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (recognizing that parole may be revoked even if all charges from the same conduct are dismissed prior to trial, the parolee is later acquitted, or the criminal conviction is overturned); *Taylor v. U.S. Parole Comm'n*, 734 F.2d 1152, 1155 (6th Cir. 1984); *Steinberg v. Police Ct. of Albany*, 610 F.2d 449, 451-52 (6th Cir. 1979). But Purifoy's complaint rests on the contrary premise: he claims that the dismissal of his underlying felony charges precluded Defendants from prosecuting him at his parole revocation hearing. (*See* Compl., PageID.3-5.) Because Purifoy could have his parole revoked for conduct that does not result in a criminal conviction, Defendants did not violate Purifoy's constitutional rights when they revoked his parole.

Purifoy objects that he may still proceed on a double-jeopardy theory of liability. He argues that he alleges sufficient facts to state a plausible double-jeopardy violation based on his acquittal on the felony charges and prosecution for the same charges during his parole revocation hearing. (Pl.'s Objs., PageID.25-27.) But that argument rests on the assumption that the Double Jeopardy Clause of the Fifth Amendment applies in parole revocation proceedings. It does not. *Taylor*, 734

4

F.2d at 1155; *Sand v. Bogan*, No. 93-2280, 1994 WL 112862, at *2 (6th Cir. Mar. 31, 1994) ("The Double Jeopardy Clause of the Fifth Amendment applies only to judicial proceedings, not to parole proceedings."); *Wilson v. Mitchell*, 61 F. App'x 944, 946 (6th Cir. 2003).  Purifoy's last objection fails.  Accordingly, the Court overrules Purifoy's objections and will adopt the magistrate judge's report and recommendation that Purifoy's complaint be dismissed for failure to state a claim.[2]

**IT IS ORDERED** that the R&R (ECF No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal of this matter by Purifoy would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court will enter a judgment in accordance with this Order.

Dated: September 30, 2025                            /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court finds no reason to reach the issues of immunity in the objections since the Court finds that Purifoy fails to state a claim on which relief can be granted.